United States District Court
Southern District of Texas
**ENTERED**
July 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL NO. 2:17-732 |
| § | CIVIL NO. 2:21-291 |
| RODOLFO LEDEZMA-HERRERA, § | |
| Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Rodolfo Ledezma-Herrera has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 26.[1] Pending before the Court is the United States of America's (the "Government") Motion to Dismiss (D.E. 34), wherein the Government moves the Court to dismiss the motion as untimely and substantively meritless. Movant has not responded.

**I. BACKGROUND**

Movant was arrested on October 20, 2017, at the United States Border Patrol checkpoint in Falfurrias, Texas, after 36 bundles of cocaine, weighing 40.76 kilograms, were discovered in the tractor trailer he was driving. He initially informed Border Patrol that he was an American citizen, born in Texas; however, after Border Patrol discussed the fact that he was previously deported from the US, he stated that he was a Mexican citizen and had no proof of US citizenship.

Movant was charged with possession with intent to distribute 40.76 kilograms of a substance containing detectable cocaine—a Schedule II controlled substance—in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a). He pled guilty and was sentenced to 126 months' imprisonment,

---

1. Docket entry references (D.E.) are to the criminal case.

to be followed by 5 years' supervised release. Judgment was entered on April 25, 2018. Movant did not appeal. He filed his current motion under 28 U.S.C. § 2255 on November 29, 2021.

## II. MOVANT'S ALLEGATIONS

Movant asserts that defense counsel was constitutionally ineffective because he: (1) failed to file a motion to have Movant transferred to a "holdover facility" for US citizens instead of an Immigration and Customs Enforcement (ICE) detention facility, and (2) failed to file a motion to alter "the charging document" so that it contained Movant's "real citizenship birth name" instead of "his alias name." D.E. 26, pp. 4–5.[1] Movant appears to believe that if defense counsel had moved to have the name on the charging document changed, then Movant would "have been placed in the Federal Bureau of Prison custody detention center." *Id.* at 5. Movant claims he was prejudiced by these alleged failures because he lacked access to "proper federal law library material and services" while in ICE custody and did not have the opportunity to review "any and all of the government's facts" before entering his guilty plea. *Id.* at 4–5. He also states that he did not learn "the element and new law regarding his case" and concludes that he "could have received a much lesser sentence" with this information. *Id.* at 5.

## III. ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the

---

1. Movant is named as "Rodolfo Ledezma-Herrera AKA Rodolfo Losoya" in the Indictment. D.E. 10. Defense counsel argued at sentencing that the style of the case should be "Rodolfo Losoya AKA Rodolfo Ledezma-Herrera since Rodolfo Losoya is his real birth name." 4/16/2018 Sent. Tr., D.E. 24 at 13. The Government responded that Movant "has 16 aliases." *Id.* The Court stated that it would not "just change [the style of the case] because somebody says it is not right," but noted defense counsel's clarification for the record. *Id.*, pp. 13–14.

statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B.  Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b). Judgment was entered April 25, 2018. Movant's conviction therefore became final on May 9, 2018. Movant did not file

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

his § 2255 motion until November 29, 2021—more than two and a half years after the statute of limitations expired on May 9, 2019.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365. Movant does not argue for equitable tolling, but merely asserts that his "§ 2255 motion is timely, because he [] filed it within the one year time limit." D.E. 26, p. 10.[2]

Movant has presented no facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. The Court finds that Movant's motion is untimely. Thus, the Court need not consider the Government's additional argument that the motion is substantively meritless.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA

---

2. Movant's motion incorrectly states that the Judgment was entered in February of 2021 and sentencing was held April 16, 2021.

determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 34) is **GRANTED**, Movant's motion under 28 U.S.C. § 2255 (D.E. 26) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 6th day of July, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE